372 So.2d 67 (1979)
MATTER OF INTEREST ON TRUST ACCOUNTS, a PETITION OF the FLORIDA BAR TO AMEND the CODE OF PROFESSIONAL RESPONSIBILITY AND the RULES GOVERNING the PRACTICE OF LAW.
No. 51182.
Supreme Court of Florida.
May 24, 1979.
Robert L. Floyd, President, The Florida Bar, Miami, James A. Urban, President, The Florida Bar Foundation, Inc., Orlando, James C. Rinaman, Jr., Chairman, Florida Bar Integration Rule and Bylaws Committee, Jacksonville, Norman A. Faulkner, Staff Counsel and David G. McGunegle, Asst. Staff Counsel, The Florida Bar, Tallahassee and Melvin C. Morgenstern, Tax Counsel for The Florida Bar Foundation, Inc., Miami, for petitioner.
Henry P. Trawick, Jr., Sarasota, and Robert M. Curtis of Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, Response to Petition For Amendment of Integration Rule.
PER CURIAM.
In March 1978, we amended the rules governing the practice of law in this state "to authorize attorneys to invest trust funds held for clients in order to generate investment income for the benefit of public interest programs related to the legal profession."[1] To implement this new program, we directed the officers and directors of The Florida Bar Foundation to initiate the process of amending the Foundation's charter and by-laws to accommodate its expanded responsibilities in receiving and disbursing the interest from attorneys' trust savings accounts.[2] We further directed that the charter amendment identify seven specific purposes for which Foundation trust account income could be used.[3]
In June 1978, The Florida Bar and the Foundation jointly filed proposed amendments for this Court's approval which, in accordance with our directive, would have authorized the use of Foundation funds for the seven purposes enumerated in our opinion. Subsequent to the filing of the Foundation's proposed charter amendments, however, the Internal Revenue Service made a preliminary determination that three of the seven proposed uses would be disapproved as being inappropriate for an organization exempt from federal income tax under section 501(c)(3) of the Internal Revenue Code.[4] To avoid the risk of losing *68 its tax-exempt status, the Foundation has now proposed revised charter provisions containing only the four proposed uses of trust moneys which were not found objectionable by the Internal Revenue Service.[5]
In addition to amendments which conform the Foundation's charter to our opinion and preserve its tax-exempt status, the Bar has petitioned the Court (i) to amend the Integration Rule and by-laws to eliminate the requirement that annual trust accounting compliance certificates be prepared by a certified public accountant,[6] and (ii) to conform the required notice to clients[7] to the revised charter changes by deleting any reference to those uses of Foundation funds which have not yet been approved by the Internal Revenue Service.
Both the Bar and the Foundation have indicated that the interests of the public and the legal profession are best served by implementing a modified program, using the funds generated by trust savings accounts for those purposes which have thus far been approved. We agree. Temporary elimination of three proposed uses, pending approval of all seven by the Internal Revenue Service, will not diminish the validity or the value of the program for the benefit of the public. We therefore approve the amendments submitted by the Foundation for filing with the secretary of state, and we adopt a revised charter and by-laws in the form set forth at the end of this opinion.
The petition to amend the Integration Rule and by-laws of The Florida Bar is granted, and the following amendments are hereby adopted:
(1) The second sentence of Integration Rule, article XI, Rule 11.02(4)(c) is amended to read (strike-throughs indicate deletions):
The minimum procedure shall require reconciliation of trust account balances at periodic intervals and the annual filing of a certificate reflecting compliance with minimum record keeping and procedural requirements, which certificate shall be prepared by a certified public accountant if one or more trust savings accounts are utilized.
(2) Subsection (D) of the by-laws implementing Florida Bar Integration Rule, article XI, Rule 11.02(4)(c) is amended by deleting paragraph 3 in its entirety.
(3) The third paragraph of the "Important Notice to Clients" contained in Florida Bar Integration Rule, article XI, Rule 11.02(4)(d)(vii) is amended to read (strike-throughs indicate deletions and underscoring indicates additions):
The goals of the Court's program are to improve the administration of justice in this state, and to expand the delivery of legal services to the poor general public, and to enhance the bar's ability to reimburse clients who may lose money as a result of an attorney's misconduct or errors.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.

ARTICLE I

NAME
The name of this corporation shall be: The Florida Bar Foundation, Inc. For convenience it is herein called the corporation or the foundation. The principal office and place of business shall be at Tallahassee, Florida, until otherwise established and ordered by the Board of Directors. The business of this corporation shall be carried on at Tallahassee, Florida, and at such other places as may from time to time be authorized by the Board of Directors.

*69 ARTICLE II

PURPOSES AND POWERS
2.1 Purposes. The foundation shall be operated exclusively for charitable, scientific, literary and/or educational purposes as described in Section 501(c)(3) of the Internal Revenue Code of 1954, or corresponding provisions of any subsequent federal tax law ("Code") including but not limited to the following particular purposes:
(a) The improvement of the administration of justice and the elevation of judicial standards.
(b) The promotion of the study of law and research in the law, the diffusion of legal knowledge and the continuing legal education of lawyers.
(c) The publication and the distribution of works on legal subjects.
(d) The improvement of relations between members of the Bar, the judiciary and the public.
(e) The fostering of suitable standards of legal education and of admission to the Bar, and the furnishing of funds for making grants and loans to qualified and worthy persons for the study of law.
(f) The aiding of members of The Florida Bar who shall be in great need of assistance because of illness, misfortune or advanced age.
(g) The promotion of the preservation of the American constitutional form of government. Provided, however, that no part of the assets or net earnings of the foundation (including such assets or net earnings as may be derived from the Trust Savings Account Program described in Article 2.3 below) shall inure to the benefit of any private charity shareholder or individual; and further provided that the foundation shall not carry on propaganda, or otherwise attempt to influence legislation, and shall not participate in or intervene in (including the publication or distribution of statements), any political campaign on behalf of any candidate for public office.
(h) In furtherance of the foregoing charitable, scientific, literary and/or educational purposes, the assets and earnings of the foundation (including but not limited to those assets or earnings derived from the Trust Savings Account Program) may be used for any one or more of the following charitable activities undertaken for exclusively public purposes:
(1) To provide legal aid to the poor;
(2) To provide student loans;
(3) To improve the administration of justice; and
(4) For such other programs for the benefit of the public as are specifically approved from time to time by the Supreme Court of Florida for exclusively public purposes.
Except as more specifically hereinabove set forth, such activities may be undertaken directly by the foundation or by the provision of funds by the foundation to The Florida Bar or Florida Legal Services, Inc., to be used exclusively for such purposes.
2.2 Restrictions. In such fiscal years (if any) as the corporation shall be a "private foundation" as described in Section 509(a) of the Code and/or subject to the taxes imposed by Sections 4940 et seq. of the Code:
(a) The corporation shall distribute its income for each taxable year at such time and in such manner as not to become subject to the tax on undistributed income imposed by Section 4942 of the Code, or corresponding provisions of any subsequent federal tax laws.
(b) The corporation shall not engage in any act of self-dealing as defined in Section 4941(d) of the Code, or corresponding provisions of any subsequent federal tax law.
(c) The corporation shall not retain any excess business holdings as defined in Section 4943(c) of the Code, or corresponding provisions of any subsequent federal tax laws.
(d) The corporation shall not make any investments in such manner as to subject it to tax under Section 4944 of the Code, or corresponding provisions of any subsequent federal tax laws.
*70 (e) The corporation shall not make any taxable expenditures as defined in Section 4945(d) of the Code, or corresponding provisions of any subsequent federal tax laws.
2.3 Gifts. The foundation may receive, by gift, bequest, devise, or in any other manner, money, assistance, and any other form of contribution, whether of real, personal, or mixed property, from any person, firm or corporation to be used in the furtherance of the purposes of the foundation; provided, however, that gifts shall be subject to acceptance by the board of directors as required by the bylaws. The foundation may also receive all funds generated by the Trust Account Savings Program implemented by Order of the Supreme Court of Florida (In Re: "Matter of Interest on Trust Accounts et seq.") as such Order may be amended from time to time.
2.4 Offices and Employees. The foundation may establish one or more offices and employ such agents, employees and clerical force as may be deemed necessary or proper to conduct and carry on the work of the foundation, and it may pay a reasonable compensation for the services of such persons.
2.5 Powers: General. The foundation may contract and be contracted with, sue and be sued, invest and reinvest the funds of the foundation, and do all acts and things requisite, necessary, proper, or desirable to carry out and further the purposes for which the foundation is formed.
2.6 Powers: Trust Account Savings Program. With respect to the activities of, and assets and earnings derived from, the Trust Account Savings Program, the foundation may:
(a) Authorize capital expenditures, accumulations, or reserves, only as may be necessary to meet the reasonable working needs of the foundation in administering the Trust Account Savings Program:
(b) Retain professional investment advisory services;
(c) Through its Directors in the manner set forth in ARTICLE VI hereof, adopt rules of procedure reasonably necessary or helpful in carrying out the purposes and powers of the foundation in managing and administering the Trust Account Savings Program.

ARTICLE III

MEMBERS
3.1 Qualification. Each member of the foundation shall be a member of The Florida Bar who is interested in the purposes of the foundation.
3.2 Admission. Members shall be selected by the directors in the manner determined by the bylaws and shall be admitted to membership upon making contributions to the foundation in the amounts required by the bylaws.
3.3 Classes; Terms. Classes of membership and the terms of membership of members shall be determined by the bylaws.
3.4 Rights. Each member shall be entitled to one vote at meetings of the foundation, but no member of the foundation shall have any vested right, privilege or interest of, in or to the assets, functions, affairs or franchise of the foundation, or any right, interest or privilege which may be transferable or inheritable or which shall continue if his membership ceases or while he is not in good standing.
3.5 Termination. Membership shall be terminated in the manner provided by the bylaws for failure to make the contributions required for maintenance of membership. If a member ceases to be a member of The Florida Bar his membership in the foundation shall be thereby terminated. A membership may be terminated for cause by concurrence of a majority of all directors of the foundation after due notice to the member and an opportunity to be heard.
3.6 Meetings. Members shall meet annually at the time provided in the bylaws and special meetings may be called in the manner provided in the bylaws.

ARTICLE IV

TERM: DISSOLUTION
This corporation shall have perpetual existence. In the event of a dissolution of the *71 corporation, its assets, after payment of all debts and charges of the corporation, and expenses of dissolution, shall be distributed among all properly accredited schools of law within the State of Florida, organized and operating exclusively for charitable and/or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder, or individual, nor substantial part of the activities of which is carrying on propaganda, or otherwise attempting to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements) any political campaign on behalf of any candidate for public office.

ARTICLE V
The names and residences of the original subscribers hereto are as follows:

NAME RESIDENCE
Donald K. Carroll 1200 Greenleaf Bldg.
 Jacksonville, Florida
J. Lance Lazonby Baird Office Bldg.
 Gainesville, Florida
Kenneth B. Sherouse, Jr. Supreme Court Bldg.
 Tallahassee, Florida
William A. Gillen Citizens Bldg.
 Tampa, Florida
J. Lewis Hall 121 1/2 E. Jefferson St.
 Tallahassee, Florida
Sherwood Spencer 1924 Hollywood Blvd.
 Hollywood, Florida

each of whom is presently has been an officer or member of the Board of Governors of The Florida Bar.
(Names and residences of original foundation subscribers.)

ARTICLE VI

DIRECTORS
6.1 Number. The affairs of the foundation shall be managed by a board of directors consisting of 17 directors, 5 of whom shall be designated directors as set forth in ARTICLE 6.2 hereof and 12 of whom shall be elected directors as set forth in ARTICLE 6.3 hereof.
6.2 Designated Directors. There shall be 5 designated directors who shall be:
the Chief Justice of the Supreme Court of Florida;
two other judicial officers to be appointed by the Chief Justice of the Supreme Court of Florida (and to serve at his pleasure);
the President of The Florida Bar; and
the President of Florida Legal Services, Inc.
6.3 Elected Directors. Elected directors of the foundation shall be elected at the annual meeting of the members in the manner provided by the bylaws.
6.4 Term; Removal; Vacancies. The term of office of elected directors, their removal from office and the filling of the vacancies shall be determined by the bylaws. The 5 designated directors enumerated in ARTICLE 6.2 above shall be directors of the foundation during their respective terms in office.
6.5 Executive Committee. The affairs of the foundation may be managed by an executive committee between meetings of the board of directors. The executive committee shall consist of directors and shall be established in the manner and with the authority provided by the bylaws.

ARTICLE VII

OFFICERS
7.1 Number. The affairs of the foundation shall be managed by a board of directors and administered by a president, one or more vice presidents, a secretary, and a treasurer and such other officers as the board of directors shall deem desirable. Officers need not be directors or members of the foundation. A person may hold more than one office, except that the president and a vice president may not be secretary or an assistant secretary.
7.2 Election. The officers shall be elected by the board of directors at its first meeting following the annual meeting of the members, and they shall serve at the pleasure of the board of directors.

*72 ARTICLE VIII
The board of directors of this corporation shall make and adopt bylaws for the corporation, and said board and its successors in office shall have power to alter, amend, and rescind such bylaws or to adopt new bylaws.

ARTICLE IX

DIRECTORS' AND OFFICERS' COMPENSATION AND PROTECTION
9.1 Compensation. A director of the foundation shall not receive compensation, directly or indirectly, for his services as a director. An officer of the foundation shall not receive compensation, directly or indirectly, for his services as an officer unless he is employed by the board of directors as a member of the administrative staff of the foundation. These prohibitions shall not preclude reimbursement of a director or officer for expenses or advances made for the foundation that are reasonable in character and amount and approved for payment in the manner provided by the bylaws.
9.2 Indemnification. Every director and every officer of the foundation shall be indemnified by the foundation against all expenses and liabilities, including counsel fees, reasonably incurred by or imposed upon him in connection with any proceeding or any settlement of any proceeding to which he may be a party or in which he may become involved by reason of his being or having been a director or officer of the foundation, whether or not he is a director or officer at the time such expenses are incurred, except when the director or officer is adjudged guilty of willful misfeasance or malfeasance in the performance of his duties; provided that in the event of a settlement before entry of judgment, the indemnification shall apply only when the board of directors approves such settlement and reimbursement as being for the best interest of the foundation. The foregoing right of indemnification shall be in addition to and not exclusive of all other rights to which such director or officer may be entitled. Appropriate liability insurance shall be provided for every officer, director and agent of the foundation in amounts determined from time to time by the Board.

ARTICLE X

AMENDMENT
10.1 Notice of Amendments. Notice of the subject matter of a proposed amendment shall be included in the notice of the meeting at which a proposed amendment is considered.
10.2 Directors Approval. A resolution adopting a proposed amendment or amendments shall be approved by two-thirds of all directors.
10.3 Approval. An amendment adopted by the board of directors shall be presented to the Board of Governors of The Florida Bar for approval.
10.4 Approval. An amendment adopted by the board of directors and approved by the Board of Governors of The Florida Bar shall be presented to the Supreme Court for approval in accordance with Article XII of the Integration Rule of The Florida Bar.
10.5 Filing. An amendment so adopted and approved shall be filed with the secretary of state as provided by law.

BYLAWS

Article I

MEMBERS
1.1(c) Ex Officio Members. The president, president-elect, executive director, members of the Board of Governors of The Florida Bar and members of the Supreme Court of Florida during their terms of office shall be ex officio members of the foundation. The term of an ex officio membership shall begin with the installation of the member in his office and shall terminate when he ceases to hold office.

Article II

DIRECTORS
2.1 Number. The affairs of the foundation shall be managed by a board consisting of 12 17 directors 5 of whom shall be designated directors pursuant to 6.2 of the Charter *73 and 12 of whom shall be members or life members of the foundation at the beginning of their terms of office.
2.2 Election. Election of the 12 elected directors shall be conducted in the following manner:
2.3 Term: The term of office for an elected director shall begin with the date of his election and shall expire at the third annual meeting of members of the foundation following his election. The term of a director elected to fill a vacancy shall expire at the time of the expiration of the office being filled. The term of office for each director serving at the effective date of this amendment shall be determined by the board of directors so that four of the terms will end at each of the following three annual meetings of members of the foundation, and so the terms of at least one director who is an ex officio member of the foundation shall expire at each of those three annual meetings of members.
2.4 Removal. An elected director may be removed for cause at any time by concurrence of a majority two-thirds of all directors of the foundation; provided, before he is removed against his consent, he shall be given an opportunity to be heard.
2.7 Regular meetings of the board of directors may be held at such time and place as shall be determined, from time to time, by a majority of the directors.
2.7 Regular meetings of the board of directors shall be held at regular specified intervals as determined by a majority of the board of the directors but at least semi-annually. Time and place shall be determined from time to time by a majority of the directors or the president.

Article V

FISCAL AGENTS
The directors may employ one or more fiscal agents including the retaining of professional investment advisory services to handle the details of its investment program, the purchase and sale of securities and investments under the supervision of the board of directors, and custody of all securities and investments, and the keeping of corporate accounts and records whenever the funds of the corporation are sufficiently large to justify the same.
NOTES
[1] In re Interest on Trust Accounts, a Petition of The Florida Bar, 356 So.2d 799, 799 (Fla. 1978).
[2] Id. at 811.
[3] Id.
[4] 26 U.S.C. § 501(c)(3) (1976). Specifically, the Internal Revenue Service objected to provisions for the adequate delivery of legal services to all members of the public (as opposed to delivery only to the poor), for the augmentation of the clients' security fund, and for the funding of a more expeditious and efficient grievance mechanism.
[5] The Foundation has advised the Court that it intends to pursue authorization for the remaining three purposes through the administrative channels of the Internal Revenue Service.
[6] Fla.Bar Integr.Rule, art. XI, Rule 11.02(4)(c). See also by-laws implementing Integration Rule 11.02(4)(c), subsection (D)(3).
[7] Fla.Bar Integr.Rule, art. XI, Rule 11.02(4)(d)(vii).