396 So.2d 719 (1981)
IN the matter of INTEREST ON TRUST ACCOUNTS.
Petition of THE FLORIDA BAR FOUNDATION, INC.
Nos. 51182, 60350 and 60351.
Supreme Court of Florida.
March 30, 1981.
Russell Carlisle, President, Florida Bar Foundation, Fort Lauderdale, on behalf of the Florida Bar Foundation, Inc. and twenty-five active members of the Florida Bar.
John F. Harkness, Jr., Executive Director, Tallahassee, Leonard H. Gilbert, President, Tampa, and John A. Boggs, Asst. Staff Counsel, Tallahassee, of The Florida Bar; and Bill Wagner, Chairman, Florida Bar Integration Rule and Bylaws Committee, Tampa, on behalf of the Board of Governors of The Florida Bar.
PER CURIAM.
Pursuant to article XIII of the Integration Rule, the Florida Bar Foundation, Inc. and twenty-five active members of The Florida Bar have petitioned the Court for modifications of the Integration Rule with respect to interest on lawyers' trust accounts. Simultaneously, the Board of Governors of The Florida Bar has petitioned the Court to suspend the operation of existing Integration Rule 11.02(4)(d) pending revisions thereto, and to add to Rule 11.02(4) an express authorization for the investment of individual clients' funds on their behalf.
In 1978 we amended the Integration Rule to permit lawyers to earn interest on their trust accounts. In re Interest on Trust Accounts, 356 So.2d 799 (Fla. 1978).[1] The bar foundation now requests amendments designed to reflect changes in the banking laws, which permit interest bearing checking accounts in Florida, and to overcome income tax problems expressed by the Internal Revenue Service regarding the applicability to income producing trust accounts of the "assignment of income" doctrine. The bar does not take a position with respect to these amendments, but requests that we delete the existing rule because of the confusion it has created among Florida attorneys during the time it has remained inoperative. The bar's position is well taken.
In order to obtain comments and views from affected and interested parties, petitioners request that we publish the proposed amendments, and that we set a time period to receive written views and comments.
The bar foundation's amendments to our trust account opinion and to Integration Rule 11.02(4)(d), which have been represented to satisfy conditions of the Internal Revenue Service prerequisite to IRS' approval of trust account plans in Florida, are appended to this order. The bar's proposed amendment to Rule 11.02(4), creating a new subsection (f), is also appended.
We hereby publish these proposals for comment, and we direct interested persons to submit their views in writing not later than May 15, 1981. Petitioners shall have until May 25 to respond to any written submissions, following which we will hear oral arguments on the proposals at 9:30 a.m. on June 2, 1981.
In the meantime, the operation of Integration Rule 11.02(4)(d) in its present form is suspended until further order of the Court. That Rule shall not be used by attorneys in Florida either to create or to maintain trust savings accounts.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
(a) A modification in the procedures outlined in the 1978 Opinion is requested. *720 In place of paragraph 6, on page 15 of the Opinion (356 So.2d at 807) the following language is requested:
6. Interest earned on trust accounts, as defined in paragraph 5 above, containing client balances that are nominal in amount or held for short periods of time shall be paid to the Florida Bar Foundation, Inc., for its charitable purposes. Maintenance of such trust account balances in non-interest-bearing trust accounts will not be permitted. Attorneys will remain free to exercise their discretion to arrange special investments not limited to savings accounts for advances not described in the preceding sentences for the funds of their clients when appropriate;
(b) A modification of section 11.02(4)(d) of the Integration Rule is proposed as follows:
(d) Trust Savings Accounts. A member of the Florida Bar who elects to create or maintain a trust savings account shall comply with the following provisions, who in the course of the professional practice of law receives or disburses trust funds, shall create and maintain an interest-bearing demand trust account and shall deposit therein all client funds to the extent permitted by applicable banking laws, that are nominal in amount or are on deposit for a short period of time. The attorney shall comply with the following provisions:
(i) A trust savings the interest bearing demand trust account may be established with any bank or savings and loan association authorized by federal or state law to do business in Florida and insured by the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation.
(ii) Except as otherwise required by law, funds in each trust savings account shall be subject to withdrawal, or to transfer to a trust checking account, upon request and without delay. Any depository institution permitted by law to require advance notification (30 or 60 days) before allowing with drawal of savings deposits is nonetheless eligible to act as a depository for trust savings accounts under this rule if it meets the requirements of paragraph (i) above, provided the institution has not acted to delay the withdrawal of deposited funds (other than for the clearance of deposited funds or for good cause attributable to the circumstances of the particular depositer rather than the institution's financial needs or general policy) at any time during the past five years. An otherwise qualified institution which has not been in existence for five full years may serve as a trust savings account depository if it has met the requirements of this subsection throughout its existence.
(iii) An institution shall cease to be eligible for the receipt of trust savings funds at such time as it fails to qualify under paragraphs (i) or (ii). Any lawyer or law firm maintaining trust savings account against which immediate withdrawal rights are refused shall immediately notify the Florida Bar Foundation, Inc. of the name and address of the depository institution and the date of such refusal.
(iv) If, pursuant to governing law or banking regulations, a depository institution requires notice in writing for an intended withdrawal not less than 30 days before such withdrawal is made, the lawyer or law firm may certify to The Florida Bar Foundation, Inc. that the client's funds detained as a result of the depository institution's notification requirement are needed immediately for the client's affairs.
(A) Upon receiving such certification, the Foundation shall be authorized to advance to the certifying lawyer or law firm, from the interest earned on trust savings accounts, an amount of money necessary to meet the client's emergency needs subject, however, to limitations expressed in subparagraph (C).
(B) Simultaneously with certification, the lawyer or law firm shall direct the depository institution in writing, with a copy to the Foundation, that upon the expiration of the notification period detained funds equal to the amount advanced by the Foundation shall be remitted directly to the Foundation.
*721 (C) The Board of Directors of the Foundation may adopt rules of procedure reasonably necessary to implement the authority provided in subparagraph (A) and to assure full reimbursement of sums advanced. Periodically the Board may set dollar limitations on the amount of money which may be advanced to meet the emergency needs of any client in the event a notification requirement is imposed by a depository institution.
(ii) (v) The rate of interest payable on any interest-bearing demand trust savings account shall not be less than the rate paid by the depository institution to regular, nonattorney savings depositors. Higher rates offered by the institution to customers whose deposits exceed certain time or quantity minima, such as those offered in the form of certificates of deposit, may be obtained by a lawyer or law firm so long as there is no impairment of the right to withdraw or transfer principal immediately (except as accounts generally may be subject to statutory notification requirements), even though interest may be sacrificed thereby.
(iii) (vi) Lawyers or law firms electing to deposit client funds in a trust savings account shall direct the depository institutions The depository institution shall be directed:
(A) to remit interest or dividends, as the case may be, on the average monthly balance in the account, at least quarterly, to the Florida Bar Foundation, Inc.;
(B) to transmit with each remittance to the Foundation a statement showing the name of the lawyer or law firm for whom the remittance is sent and the rate or interest applied; and
(C) to transmit to the depositing lawyer or law firm at the same time a report showing the amount paid to the Foundation, the rate of interest applied, the average account balance for each month of the period for which the report is made, and any remittances to the Foundation made during that period pursuant to subparagraph (iv)(B).
(vi) lawyers and law firms electing to deposit client funds in a trust savings account shall transmit to each client for whom trust funds are now held, and to each new client for whom funds are to be held a copy of the notice reproduced below. The Florida Bar shall print and maintain a supply of this notice, and distribute copies without charge to these who may request them. The Bar's costs for printing and distribution shall be treated as a cost of administering the program, and shall be reimbursed to the Bar by the Foundation from interest earned on trust accounts.
"Important Notice to Clients
For your protection the Florida Supreme Court requires that all funds of a client which are held by an attorney must be deposited in a trust account separate from the attorney's and must be kept available for immediate withdrawal. Because most clients' funds which come into the hands of attorneys are relatively small in amount or are to be held for relatively short periods of time, it is impractical for attorneys to establish a separate account for each client or to invest each client's funds to earn interest. For this reason client funds are held in a common trust checking account on which the depository bank pays no interest.
Under a new program approved by the Florida Supreme Court, attorneys are now permitted to deposit clients' common trust funds in savings accounts. Due to the expense and complexity which would attend any attempt to compute or distribute the interest attributable to each client's funds, it is not feasible to pay to individual clients the earnings on their proportionate share of common trust savings accounts. Of course, no attorney is permitted to receive the earnings on a client's funds, either. Rather, under the Supreme Court's new directive, the interest income from clients' deposits will be used to fund programs designed to benefit the general public.
The goals of the court's program are to improve the administration of justice in this state and to expand the delivery of legal services to the poor.
*722 We have sent you this explanation, at the direction of the Florida Supreme Court, to advise you that we are participating in the court's new program and that the funds you have entrusted to us for your affairs (other than attorney's fees) will be deposited in an interest bearing trust savings account unless you specifically give us written instructions to the contrary. A directive not to allow such use of your funds will not produce income for you. Your funds will simply be placed in a noninterest bearing trust checking account until needed."
(vii) In those instances where the amount of the client balance or the duration of deposit render it financially practicable, the attorney may exercise discretion to arrange special investments, not limited to savings accounts, for deposit of client funds with any interest obtained payable to the client.
(viii) In the event that any client asserts a claim against an attorney based upon such attorney's determination to place client advances in the interest bearing demand trust account because such balance is nominal in amount or held for a short period of time, the Foundation shall, upon written request by such attorney, review such claim and either:
(A) Approve such claim and remit directly to the claimant any sum of interest remitted to the Foundation on account of such funds; or
(B) Reject such claim and advise the claimant in writing of the grounds therefor. In the event of any subsequent litigation involving such a claim, the Foundation shall interplead any such sum of interest and shall assume the defense of the action.
(c) The Board of Governors of The Florida Bar at its January 1981, meeting, voted to recommend to this court adoption of an amendment to Florida Bar Integration Rule, article XI, Rule 11.02(4). The proposed amendment to the Rule will require the addition of a new subsection, (f) as follows:
(f) With the consent of the client, the client's funds may be deposited in interest-bearing trust accounts provided the interest on funds so deposited shall be paid to the client. If the client is unavailable or unable for other reason to knowingly give such consent, then the attorney may deposit such funds in an interest-bearing trust account if such deposit would be in the best interest of the client.
NOTES
[1] The rules were later modified to accommodate initial limitations imposed by the Internal Revenue Service, and to simplify the proposal in other respects. Matter of Interest on Trust Accounts, 372 So.2d 67 (Fla. 1979).