PER CURIAM.
This is a lawyer disciplinary proceeding in which James R. McAtee petitions this *1200 Court to review the referee’s recommended discipline of a public reprimand, three years’ probation, successful completion of the ethics portion of the bar examination, repayment of the excessive portion of a collected fee plus interest, and payment of the costs of these proceedings. McAtee argues that the factual findings are not justified by this record; that, at most, the rule violations were technical and, consequently, there should be no discipline. The Florida Bar, on the other hand, cross appeals and seeks a ninety-one-day suspension. We have jurisdiction pursuant to article V, section 15, Florida Constitution. For the reasons expressed, we approve the referee’s findings of fact but find that the discipline should be increased from a public reprimand to a ninety-one-day suspension.
The Bar’s first claim deals with the improper use and maintenance of McAtee’s trust account. The facts are not in dispute. In March of 1990, the Bar audited McA-tee’s trust account for the period from January, 1987, through February, 1990. The audit revealed that McAtee was not in compliance with The Florida Bar’s rules regulating trusts accounts in that: (1) with the exception of one month, monthly trust account reconciliations had not been prepared for three years; (2) monthly shortages ranging from $96.50 to $2,702.26 existed for almost the entire period covered by the audit; (3) checks had been issued against uncollected funds; (4) instances of commingling existed, where earned fees were transferred from one client to another so that payment to a third party could be made on behalf of the second client; and (5) the trust account was not an IOTA[1] account. The audit also confirmed that an employee of McAtee’s firm had stolen trust money by not depositing all of the funds that had been received. The thefts from the trust account were $400 in March, 1987, and $200 in March, 1988. Employee thefts also occurred from accounts maintained by McAtee as a bankruptcy trustee. Other shortages were caused by depositing trust funds to the office account or by late deposits. McAtee covered the shortages by transferring earned fees from other clients, fees that should have been withdrawn by McAtee when they became due.
The second claim involves a discrepancy in a fee taken by McAtee in a personal injury case. While auditing McAtee’s trust account, the Bar auditor found that McA-tee was employed by David Page, a college student who had been injured in an automobile accident several months earlier. Since the tortfeasor was not the car owner, insurance coverage was available from more than one company. Page agreed to pay McAtee 28% of any sum recovered, excluding any funds recovered from State Farm Insurance Company since State Farm had previously offered to pay Page the $100,000 limits of its policy. Contrary to Disciplinary Rule 2-106(E) of the former Code of Professional Responsibility, the contingency fee agreement entered into with Page was not signed by McAtee.
On December 1, 1986, Clinicare, the company that had provided health care benefits to Page for injuries sustained in the accident, filed a Notice of Lien for $32,627.71 upon all sums recovered by Page as a result of the accident. Without Page’s knowledge or consent, McAtee simultaneously began representing Clinicare in the Page matter on a contingency fee basis. McAtee did not have a written fee agreement with Clinicare. McAtee, on behalf of Page, subsequently obtained an $80,000 settlement from Aetna Insurance Company. Pursuant to the terms of his agreement with Page, McAtee deducted a 28% fee, amounting to $22,400, from the $80,-000 settlement. McAtee also paid Clinicare from the settlement proceeds. Without Page’s knowledge or consent, McAtee took a 28% fee from the $32,627.71 payment to Clinicare on the grounds that he had represented Clinicare in the settlement of its claim against Page. McAtee’s total fee in the Page matter amounted to $31,535.76 on $80,000, or over 39%. McAtee’s closing statement to Page did not reflect the $9,135.76 in attorney fees that McAtee deducted from the Clinicare lien for representing Clinicare.
*1201 As to the first claim, the referee recommended that McAtee be found guilty of violating the following rules: 4-1.15(a) (keeping client funds separate); 4-1.15(c) (withdrawing of lawyer’s fee within a reasonable time); 4-5.3 (supervising conduct of nonlawyer employees); 5-1.1(d) (interest on trust accounts); 5-1.1(f) (disbursing client funds); and 5-1.2(c) (minimum trust accounting procedures) of the Rules Regulating The Florida Bar.
As to the second claim, the referee recommended that McAtee be found guilty of violating the following rules: 4-1.4(b) (keeping the client reasonably informed); 4-1.5(A) (collecting an excessive fee); 4-1.5(F)(1) (notifying client of the outcome of the matter); 4-1.5(F)(2) (contingency fee agreements); 4-1.5(F)(5) (itemizing all costs and expenses); 4-1.7(a) (representing clients with adverse interests); 4-1.7(b) (responsibilities to other clients); 4-1.7(c) (informing multiple clients of implications of common representation); 4-1.8(f) (compensation from third parties); and 4-8.4(c) (engaging in fraudulent, dishonest, or deceitful conduct) of the Rules Regulating The Florida Bar; and Disciplinary Rule 2-106(E) (contingency fee agreements) of the former Code of Professional Responsibility of The Florida Bar.
The referee recommended as an appropriate discipline that McAtee receive a public reprimand and be placed on probation for three years. The referee also recommended that McAtee be required to successfully complete the ethics portion of the bar examination and repay David Page the excessive portion of the fee collected, amounting to $9,135.76, plus interest at the rate of 12% per annum from March 14, 1989.
McAtee argues that the referee erred in finding him guilty of any rule violations in his representation of Mr. Page, and that the trust account violations do not warrant the punishment recommended by the referee. In response, The Florida Bar asserts that the referee was correct in his finding of facts and recommendation as to guilt but erred in recommending a public reprimand. The Florida Bar believes that a ninety-one-day suspension is the appropriate discipline. We approve the referee’s findings of fact. However, upon consideration of the facts in the record, we agree with the Bar that McAtee’s misconduct warrants a greater discipline.
Accordingly, James R. McAtee is hereby suspended from the practice of law for a period of ninety-one days and he must successfully complete the ethics portion of The Florida Bar examination prior to being reinstated. After reinstatement, McAtee shall be placed on probation for three years. McAtee is suspended effective August 10, 1992, to allow thirty days to wind up his practice and attend to the protection of his clients. He shall accept no new business from the date of this opinion. Furthermore, McAtee is ordered to repay David Page the excessive portion of the fee collected, $9,135.76, plus interest at the rate of 12% per annum from March 14, 1989. Judgment for costs of this proceeding is hereby entered against James R. McAtee in the amount of $5,618.59, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. In re Interest on Trust Accounts, 396 So.2d 719 (Fla.1981).