636 So.2d 717 (1994)
THE FLORIDA BAR, Complainant,
v.
William R. MERWIN, Respondent.
No. 81169.
Supreme Court of Florida.
May 12, 1994.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, and James N. *718 Watson, Jr., Bar Counsel, Tallahassee, for complainant.
Joseph E. Warren, Jacksonville, for respondent.
PER CURIAM.
This matter is before the Court on complaint from The Florida Bar and the referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee found that in 1991 William R. Merwin was hired as divorce counsel for Kimberly Darty Hodgins and in the course of the divorce proceedings, he failed to attend a scheduled pretrial conference and the trial. In addition to his non-appearances, he failed to return telephone calls from the judge and failed to respond to calls from opposing counsel, Dale G. Westling, Sr.
The referee found that during a conference in Judge Bowden's chambers, Merwin informed the judge that his failures to appear were due to Mrs. Hodgins' move to California and her lack of desire to complete the case. After the conference, Judge Bowden instructed Westling to contact Mrs. Hodgins. Upon contacting Mrs. Hodgins, Westling discovered that she had not lost interest in the case, had not discharged Merwin as her attorney, had not moved to California, and had no knowledge of the February 14, 1992, trial date. Judge Bowden granted a continuance in the divorce proceedings and ordered Merwin to pay Westling a $1,000.00 attorney's fee. Merwin paid the fee and falsely informed Mrs. Hodgins that Judge Bowden had sentenced him to jail.
At the disciplinary proceeding, Merwin testified that he did not remember stating that he had withdrawn from the case, that he did not state that his client had lost interest in the case and moved to California, and that he informed Judge Bowden that he was unaware that a February trial date had been set. The referee recommended that Merwin be found guilty of violating several provisions of the Rules Regulating The Florida Bar as follows:
Rule 4-1.5 (A lawyer shall provide competent representation to a client... .), 4-1.3 (A lawyer shall act with reasonable diligence and promptness in representing a client.), 4-1.4(a) (A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information), 4-3.3(a)(1) (A lawyer shall not knowingly make a false statement of material fact or law to a tribunal), 4-8.4(c) (A lawyer shall not engage in conduct involving dishonesty, fraud, deceit and misrepresentation, and 4-8.4(d) (A lawyer shall not engage in conduct that is prejudicial to the administration of justice)... .
The referee found no mitigating factors, found aggravating factors consisting of two prior public reprimands,[1] and recommended disbarment, citing rule 6.1 of the Florida Standards for Imposing Lawyer Sanctions.
We find that Merwin's conduct of lying under oath and failing to properly represent a client warrants sanction. In light of the serious nature of these transgressions and Merwin's failure to file a brief after the referee's report was issued, we approve the recommendation of the referee. We hereby disbar William R. Merwin from the practice of law in the State of Florida.
Disbarment shall be effective thirty days from the filing of this opinion so that Merwin can close out his practice and protect the interests of existing clients. If he notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the disbarment effective immediately. He shall accept no new business from the date this opinion is filed and shall comply with the "notice to clients" *719 requirement of rule 3-5.1(g) of the Rules Regulating The Florida Bar. Judgment is entered for The Florida Bar, against William R. Merwin, for costs in the amount of $3,741.27, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[1] The Fla. Bar v. Merwin, 424 So.2d 726 (Fla. 1982) (violated Fla. Bar Integr. R., art. XI, rule 11.02(3)(a) (Breaches of Discipline  Moral conduct) and Fla. Bar Code Prof.Resp. D.R. 1-102(A)(3) (engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law)); The Fla. Bar v. Merwin, 384 So.2d 33 (Fla. 1980) (violated Fla. Bar Integr.R., art. XI, rule 11.02(3)(a) (Breaches of Discipline  Moral conduct) and Fla. Bar Code Prof.Resp. D.R. 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law)).