674 So.2d 734 (1996)
THE FLORIDA BAR, Complainant,
v.
James R. McATEE, Respondent.
No. 83174, 83449.
Supreme Court of Florida.
May 30, 1996.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, and Lois B. Lepp, Bar Counsel, Tallahassee, for Complainant.
John A. Weiss of Weiss and Etkin, Tallahassee, and Antony E. Fiorentino, Pensacola, for Respondent.
PER CURIAM.
The Florida Bar and James R. McAtee petition this Court for review of the referee's findings and recommendations in these two Florida Bar disciplinary proceedings, which we have consolidated for review. For the reasons expressed, we hereby disbar McAtee from the practice of law.
The facts of these cases are as follows:

Case No. 83,174
McAtee's disciplinary history, which is implicated in this first case, reflects that on July 9, 1992, he was suspended from the practice of law for ninety-one days for the following offenses: improper use and handling of a trust account, collecting an excessive fee, and inappropriately representing clients with adverse interests. Florida Bar v. McAtee, 601 So.2d 1199 (Fla.1992). Reinstatement was contingent on proof of rehabilitation. On November 12, 1992, McAtee petitioned for reinstatement. That petition was denied by this Court on November 18, 1993, based upon the recommendation of the referee, who found that McAtee had engaged in the practice of law during his suspension.
On February 10, 1994, the Bar filed this disciplinary proceeding against McAtee seeking disbarment for the allegedly contemptuous misconduct he committed during his suspension. The Bar asserted that McAtee violated this Court's order of suspension by continuing to practice law, by continuing *735 to hold himself out as an attorney permitted to practice law, by accepting new clients, by having direct client contact, and by failing to promptly pay costs. The Bar also contended that McAtee violated Rule Regulating The Florida Bar 3-5.1(g) by failing to provide notice to all of his clients of his suspension and rule 3-6.1(c) by disbursing trust funds while suspended.
The referee found that McAtee had failed to notify only one of forty-five clients of his suspension; that his only trust account activity pertained to funds to which he had ownership (earned fees); and that his delay in paying costs did not constitute contemptuous conduct. Consequently, the referee recommended that McAtee not be held in contempt for those acts. The referee did find, however, that McAtee had wrongfully engaged in the practice of law during his suspension. Specifically, the referee found that McAtee had represented clients before the Social Security Administration (SSA),[1] but noted that no client's position was prejudiced as a result of the representation, that McAtee had received no fees for any work done during his suspension, and that he ceased the practice of representing clients before the SSA when he learned that it was improper.
Based on his findings, the referee recommended that McAtee be suspended from the practice of law for two years nunc pro tunc to June 19, 1993. In making this recommendation, the referee considered that McAtee appeared before no Florida courts and that he labored under a mistaken belief that a suspended lawyer was eligible to appear before the SSA. In aggravation, the referee considered that McAtee had previously received a public reprimand and one year probation for lack of communication, lack of diligence, and failing to return property, Florida Bar v. McAtee, 569 So.2d 1281 (Fla. 1990) (McAtee I); that he had received a ninety-one-day suspension followed by three years' probation after reinstatement for conflict of interest, trust account shortages, and improper record keeping, Florida Bar v. McAtee, 601 So.2d 1199 (Fla.1992) (McAtee II); and three years' probation to run concurrent with probation in McAtee II, based on neglect and lack of communication, Florida Bar v. McAtee, 630 So.2d 1102 (Fla.1993) (McAtee III).

Case No. 83,449
In 1991, a complaint was filed with the Bar regarding alleged deficiencies in McAtee's representation in a bankruptcy case. As a result of the investigation in that case, the Bar filed this action against McAtee, consisting of seven counts regarding his representation in seven separate bankruptcy cases, charging that McAtee:
(1) negligently represented clients by failing to timely file a petition and other paperwork, which caused the clients to lose the equity in their home; falsely advised the trustee regarding the clients' intentions; charged the clients an excessive fee; and withdrew monies to which he was not entitled from a trust account;
(2) failed to file a status report within the specified time period, which resulted in his being held in contempt of court and his removal as trustee;
(3) failed to respond to various motions and to file required reports;
(4) entered into a stipulation without his client's consent, failed to respond to motions, failed to file a final report, and received a $2,000 fee for his services without the required court approval.
(5) failed to file a petition prior to the date set for an IRS levy against his client and failed to file a motion to dismiss on behalf of his client, despite the client's many requests to do so.
(6) failed to respond to various motions, entered into a stipulation without his client's consent, requested that the case be dismissed without his client's consent, and represented clients with conflicting interests without first obtaining consent to do so.

*736 (7) failed to file weekly cash collateral reports as requested by the court, failed to respond to motions for relief from stay, entered into stipulated agreements without his client's consent, failed to respond to motions to dismiss, failed to timely file monthly operating reports, and failed to seek court approval of his attorney's fees.
After a hearing was conducted on these allegations, the referee concluded that the Bar had proven its allegations by clear and convincing evidence. The referee then found McAtee guilty of violating rules 4-1.1 (a lawyer shall provide competent representation to a client); 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); 4-1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); 4-1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); 4-1.5(a)(1) (an attorney shall not enter into an agreement for, charge, or collect an illegal, prohibited, or clearly excessive fee); 4-1.7(a) (a lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client); 4-1.15 (a lawyer shall properly handle trust funds); 4-3.4(c) (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal); 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).
Based on these violations, the referee recommended that McAtee be disbarred from the practice of law; that he be required to pay the cost of these proceedings; and that he be required to pay restitution to J.G. and Hazel Whitfield, the clients in Count I, in the amount of $2700, which sum constitutes the attorney's fee they paid to McAtee. In making his recommendation, the referee considered the following factors in aggravation: prior disciplinary history, selfish motive, pattern of misconduct, multiple offenses, submission of false evidence or other deceptive practices during the disciplinary process, refusal to acknowledge wrongful nature of conduct, vulnerability of victims, and substantial experience in the practice of law.

Analysis
In both cases, the Bar asserts that McAtee should be disbarred for his misconduct in light of his disciplinary history and the seriousness of his misconduct. McAtee contends that the referee's recommendation of a nunc pro tunc suspension in case No. 83,174 is appropriate and that the referee's recommendation of disbarment in case No. 83,449 is inappropriate because the referee's findings are not supported by the evidence. We find competent, substantial evidence in the record to support the referee's findings. We also find that disbarment from the practice of law is the appropriate sanction in these two consolidated cases given McAtee's current and prior misconduct. As noted by the referee who was assigned to hear both of the cases at issue, McAtee has previously been disciplined for (1) lack of diligence and lack of communication, McAtee III (probation); (2) trust accounting violations, charging excessive fees, and representing clients with conflicting interests, McAtee II (ninety-one-day suspension to be followed by three years probation); and (3) neglecting a client matter, McAtee I (public reprimand and one year probation). Further, it is clear from the record in case No. 83,449 that McAtee's conduct resulted in client injury. We have previously determined that disbarment is the appropriate sanction under similar circumstances. See, e.g., Florida Bar v. Merwin, 636 So.2d 717 (Fla.1994) (disbarment proper sanction for failure to attend scheduled hearings, respond to calls from judge and opposing counsel, lying under oath, and failure to properly represent client); Florida Bar v. Williams, 604 So.2d 447 (Fla.1992) (disbarment imposed on attorney based on cumulative misconduct which demonstrated an attitude and course of conduct that is inconsistent with approved professional standards); Florida Bar v. Bern, 425 So.2d 526 (Fla.1982) (cumulative misconduct of a similar nature to previous misconduct is dealt with more severely). We also find that the referee properly recommended that McAtee be required to pay restitution to the Whitfields *737 in the amount of $2700. Florida Bar v. Della-Donna, 583 So.2d 307 (Fla.1989) (restitution as a condition of readmission or reinstatement is appropriate where an attorney has collected an excessive fee).
Accordingly, James R. McAtee is hereby disbarred. This disbarment shall be effective immediately given that McAtee has not been readmitted to the practice of law in the State of Florida since he was suspended in McAtee II. Further, McAtee shall make restitution to the Whitfields in the amount of $2700. Judgment for costs in the amount of $30,441.48 is hereby entered against James R. McAtee in favor of the Florida Bar for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] At the hearing before the referee, counsel for the Social Security Administration testified that a suspended lawyer could not practice before that agency. McAtee testified that, because non-lawyers are allowed to appear before that agency, he did not believe his suspension prevented him from similarly representing clients before that agency.