PER CURIAM.
In these disciplinary cases, The Florida Bar charged attorney Thomas L. Smith with twenty-three counts of failing to perform services for clients after being retained. In a separate proceeding this Court ordered respondent temporarily suspended on the ground that he appeared to be causing great harm to his clients or to the public. The Florida Bar v. Smith, No. 69,120 (Fla. September 8, 1986).
Based on respondent’s failure to respond to the accusations made in the instant proceedings, the referee deemed the bar’s factual allegations to be admitted and made recommended findings of fact. Based on the numerous instances of total nonfea-sance with regard to his clients’ cases and his failure to respond to the bar’s complaints, the referee found that respondent had abandoned his practice and recommended disbarment.
A lawyer’s abandonment of his practice, without taking steps needed for an orderly withdrawal from representation, results in wholesale neglect of legal business entrusted by clients and exposes clients to the possibility of irreparable harm. The referee correctly found that respondent’s conduct violated numerous provisions of the Rules Regulating The Florida Bar. This kind of misconduct warrants disbarment. The Florida Bar v. Friedman, 511 So.2d 986 (Fla.1987); The Florida Bar v. Montgomery, 412 So.2d 346 (Fla.1982). We therefore approve the referee’s report.
Thomas L. Smith is hereby disbarred, effective immediately. The costs of this proceeding are taxed against him. Judgment is entered against Thomas L. Smith in the amount of $1,489.86, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.