670 So.2d 62 (1996)
THE FLORIDA BAR, Complainant,
v.
Milton KELNER, Respondent.
No. 84435.
Supreme Court of Florida.
March 21, 1996.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, Florida; and Jan Wichrowski, Bar Counsel, Orlando, Florida, for Complainant.
John D. Kelner of the Law Offices of John D. Kelner, Miami, Florida, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar (the Bar) and the referee's report regarding alleged ethical breaches by Milton Kelner. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the report.
The referee made the following findings of fact based on the evidence presented:
3. The respondent represented plaintiff in civil action 91-5836, in the Ninth Judicial Circuit of Florida, Ronald Purdy v. John Tatum, M.D. The plaintiff sued Dr. Tatum [the psychiatrist who treated Mr. Purdy's former wife, Christine Purdy] for loss of consortium with his wife after Mrs. Purdy had an affair with Dr. Tatum. Based upon her affair with Dr. Tatum, Mrs. Purdy separated from her husband and he filed for divorce against her. Mrs. Purdy filed a malpractice action against Dr. Tatum which was concluded by a settlement.
4. Prior to trial, the defendant, John M. Tatum M.D., filed a motion in limine *63 regarding recoverable damages. It requested that the evidence before the jury be limited to recoverable damages, and that reference to improper damages, which were not properly derivative of a loss of consortium or breach of contract action be prohibited.
5. The court granted defendant's Motion in limine and instructed respondent... not to elicit any testimony or evidence with respect to any claims, for alienation of affections, as defined specifically during the hearing. The court specifically stated that the plaintiff's damages were limited to loss of consortium and that he could not recover for his own personal injuries relating to his mental anguish caused by plaintiff's divorce.... The plaintiff ... was further prohibited from seeking costs incurred during the divorce.
6. In contravention of the court's order in regard to the motion in limine, respondent... made repeated references to the personal injuries of his client suffered as a result of the mental anguish caused by Christine Purdy's affair with Dr. Tatum.
7. The court strongly advised respondent... to cease this conduct which it considered to be in violation of its previous order on the motion in limine.
8. The court gave curative instructions to the jury concerning recoverable damages in the plaintiff's action in an attempt to cure any possible damage caused by respondent's violation of his orders.
9. Directly after the court's final curative instruction, the respondent ... continued to violate the court's order by repeatedly asking questions which violated the court's order in limine inquiring about the emotional effect upon Mr. Purdy caused by his separation from Christine Purdy and his son, and attempting to offer Dr. Tatum's telephone records into evidence through a completely inappropriate witness.
10. Ultimately a mistrial resulted in this case due to the problems caused by respondent's violation of the court's order in limine.
Based upon the above findings, the referee recommends as follows:
1. That the respondent be found guilty of violating rule 4-3.1, Rules Regulating The Florida Bar, for asserting an issue within the proceeding which was without a basis.
2. That the respondent be found guilty of violating rule 4-3.4(e), Rules Regulating The Florida Bar, for alluding to matters, in trial, that the lawyer does not reasonably believe relevant or supported by admissible evidence.
3. That the respondent be found innocent of violating rule 4-3.5(c), Rules Regulating The Florida Bar, for engaging in conduct intended to disrupt a tribunal.
4. That the respondent be found innocent of violating rule 4-8.4(d), Rules Regulating The Florida Bar, for engaging in conduct that is prejudicial to the administration of justice.
. . . .
. . . [T]hat the respondent receive a public reprimand without probation, as provided for in rules 3-5.1(c) and 3-5.1(d), Rules Regulating The Florida Bar.
Our review of the record shows that competent, substantial evidence supports the referee's findings of fact and recommendations of guilt and we approve those findings and recommendations.
Kelner argues that he did not act intentionally in disobeying the court's order in limine and that, as a result, the referee's recommended discipline is excessive. We disagree. Our review of the record reveals that Kelner repeatedly violated the trial court's order even after being admonished by the trial judge. Further, as noted above, competent, substantial evidence supports the referee's recommendation that Kelner violated Rule Regulating the Florida Bar 4-3.4(e) for alluding to matters, in trial, which he did not reasonably believe to be relevant or supported by admissible evidence. While Kelner has a duty to zealously represent his clients, this duty does not require that he violate a court order and produce a mistrial.
We approve of the referee's recommended discipline and order that Kelner be publicly reprimanded by publication of this opinion in *64 Southern Reporter. Judgment for costs in the amount of $2,001.53 is entered for The Florida Bar against Milton Kelner, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, J., recused.