711 So.2d 515 (1998)
THE FLORIDA BAR, Complainant,
v.
Andrew Michael KASSIER, Respondent.
No. 87617.
Supreme Court of Florida.
May 14, 1998.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Randi Klayman Lazarus, Bar Counsel and Dewayne K. Terry, Co-Bar Counsel, Miami, for Complainant.
Louis M. Jepeway, Jr. of Jepeway and Jepeway, P.A., Miami, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical violations by attorney Andrew Michael Kassier. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee's factual findings and recommendations and suspend Kassier from the practice of law for one year to be followed by a three-year probation under the terms recommended by the referee.

PROCEEDINGS BEFORE REFEREE
The Bar filed a three-count complaint and Kassier essentially admitted the underlying facts as found by the referee.

Count I
The Florida Bar audited Kassier's trust accounts after attorney Gary Moody filed a grievance. Moody claimed that he attempted to contact Kassier after a $525 trust account check issued by Kassier in January 1995 was returned for insufficient funds. Moody complained that Kassier failed to respond to several phone calls concerning the check. The Bar reviewed two trust accounts for the period of January 1, 1995, through February 28, 1995. The Bar's audit revealed that the check to Moody was returned for insufficient funds and that the account on which the check was written never had a balance of $525 during the review period. The audit also revealed that Kassier wrote two checks (totaling $349) to the Clerk of the Circuit Court which were returned for insufficient funds. The referee found no evidence that the funds were paid within a reasonable time after Kassier became aware of the problem and until he became aware of the Bar proceedings. The referee found some question as to whether the amounts were ever repaid.
The audit also revealed that Kassier misappropriated client trust funds. Kassier represented Judith Thomas in matters related to a divorce proceeding. Kassier held $21,000 in insurance proceeds for hurricane damage to the Thomas's marital home in his trust account. Ms. Thomas owed her husband $12,500 of the insurance proceeds. On April 12, 1994, the balance of Kassier's trust account was $1,651.25. On that date, Kassier deposited a $9,940.34 check from his personal IRA account into his trust account. Shortly after that, Kassier issued a check on the trust account for $8,297.75 to Neal Lewis Trust Account, as partial payment of Mr. Thomas's share of the insurance proceeds, leaving the balance due to Mr. Thomas unaccounted for in his trust account. The funds *516 used to pay Mr. Thomas were Kassier's personal funds.
On July 1, 1994, Kassier's trust account balance totaled $5,067.84. He had an outstanding check for $5,000. On that same date, Kassier deposited $5,000 from his operating account into his trust account. He made a payment from those funds to Waste Management for cleaning a client's property. A $4,000 check deposited by Kassier from his operating account to his trust account on July 19, 1994, was returned for insufficient funds. In September 1994, Kassier issued a $500 check on his trust account to a client as a transfer of funds. The check was dishonored for insufficient funds.

Count II
In November 1992, Lillie Harris paid Kassier a $350 retainer to represent her in a negligence action. Harris filed a grievance against Kassier alleging that he failed to act diligently and to communicate properly with her on the status of her case. Kassier told the Bar he would take steps to resolve the matter and the Bar closed the case. Harris complained to the Bar five months later that Kassier had taken no action. Kassier failed to respond to three letters from the Bar regarding this matter. The Bar reopened the file. The referee found that Kassier failed to keep Harris informed on the status of her case and to reply promptly to her requests for information. Kassier failed to respond to Harris's requests to obtain her file so that she could retain other counsel.

Count III
Letitia Potts gave Kassier a $250 retainer to represent her in a contract dispute. Kassier failed to do anything on the case, failed to return the fee, and failed to assist Potts in finding new counsel until after the final hearing in this case. Kassier failed to keep Potts reasonably informed on the status of her case, failed to respond to her requests for information, and failed to respond to the Bar's two requests that he resolve Potts's complaint.

REFEREE'S FINDINGS
Based upon these factual findings, the referee recommended finding Kassier guilty on Count I of violating rule 4-8.4(b)(lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); rule 4-8.4(c) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); rule 5-1.1 (money or other property entrusted to an attorney for a specific purpose is held in trust and must be applied only to that purpose). As to Count II, the referee recommended finding Kassier guilty of violating rule 3-4.8 (lawyer is obligated to respond to all investigative inquiries); rule 4-1.4(a) (lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); and rule 4-8.4(g) (lawyer shall not fail to respond, in writing, to any inquiry by a disciplinary agency conducting an investigation into the lawyer's conduct). As to Count III, the referee recommended finding violations of rule 4-1.3 (lawyer shall act with reasonable diligence and promptness in representing a client), rule 4-1.4(a), and rule 4-8.4(g), of the Rules Regulating the Florida Bar.
We approve the referee's findings and recommendations, as they are supported by the record and are not clearly erroneous. Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla. 1986) (referee's findings are presumed correct unless shown to be clearly erroneous or without record support).

DISCIPLINE
The referee recommends that Kassier be suspended for one year followed by a three-year probation. The referee also recommends that, before petitioning for reinstatement, Kassier attend ethics school, including a new trust account workshop; that Kassier initiate LOMAS within two months of the referee's order; that he submit to random audits by a Bar staff auditor for the probation period; and that Kassier make monthly reports during the probationary period of all trust account activity. The Bar argues that the recommended discipline is insufficient and asks that Kassier be disbarred, while Kassier seeks a suspension of no more than ninety days.
*517 Kassier practiced as a Dade County Assistant Public Defender from his admission to the Bar in 1981 until 1990. He began his own private practice in 1990. He testified before the referee that he had difficulty managing the financial aspect of his private practice given that he did not have that responsibility during his tenure as an assistant public defender. In mitigation, the referee found that Kassier is intelligent and committed to the practice of law and that he was under difficult emotional stress due to his divorce some years ago and his inability to manage the practice of law. The referee specifically noted that if not suspended for some meaningful period of time, Kassier will continue to be overwhelmed by his responsibilities and will cause damage to his clients and to those with whom he comes into contact professionally. In aggravation, the referee found that Kassier continued even at the time of the recommended order to write checks on accounts with insufficient funds. Kassier was unable to document his claim that he recently repaid some of the parties involved in the grievances. The referee found that in fact, Kassier had not repaid them. Kassier blamed this on secretarial error. The referee found that Kassier failed to cooperate with the Bar in its preliminary investigation and failed to acknowledge any wrongdoing until days before the hearing.
Our scope of review of a referee's recommended discipline is broader than that afforded to findings of fact because this Court has the ultimate responsibility to determine the appropriate sanction. Florida Bar v. Niles, 644 So.2d 504, 506 (Fla.1994).
Attorney discipline must meet a three-fold test. It must be fair to society by protecting the public from unethical conduct but not denying the public the services of an otherwise qualified lawyer. It must be fair to the attorney by sufficiently punishing ethical breaches but at the same time encouraging reformation and rehabilitation. It must be severe enough to deter others prone to commit similar violations. See Florida Bar v. Hartman, 519 So.2d 606, 608 (Fla.1988) (quoting Florida Bar v. Pahules, 233 So.2d 130, 132 (Fla.1970)). We have noted that "the extreme sanction of disbarment is to be imposed only `in those rare cases where rehabilitation is highly improbable.'" Florida Bar v. Rosen, 495 So.2d 180, 181-82 (Fla. 1986) (quoting Florida Bar v. Davis, 361 So.2d 159, 162 (Fla.1978)).
We find the recommended discipline meets the three-fold test here. It is sufficient to protect the public from unethical conduct, but at the same time allows an attorney found to be bright and committed to the practice of law the opportunity to serve the public. It is apparent from the record and the referee's report that the referee found Kassier to be a candidate for rehabilitation. The recommended discipline is designed to assist Kassier in reforming his conduct. We are mindful of the referee's finding that a lesser penalty would likely be insufficient to protect the public from further ethical breaches by Kassier. Nor would a lesser suspension offer a sufficient deterrent to other attorneys.
Accordingly, Andrew Michael Kassier is hereby suspended from the practice of law for one year. The suspension will be effective thirty days from the filing of this opinion so that Kassier can close out his practice and protect the interests of his existing clients. If Kassier notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Kassier shall accept no new business from the date this opinion is filed until the suspension is completed. If Kassier has not complied with the referee's recommendation that he initiate LOMAS review, he shall do so within two months of this opinion. LOMAS review shall be completed within four months of the date of this opinion.
Upon reinstatement, Kassier shall be under probation for a period of three years. During the term of probation, Kassier shall submit to random audits by a Bar staff auditor during the entire probation period and shall make monthly reports to the Tallahassee office of The Florida Bar of any and all trust accounting activity. The monthly reports shall be prepared by a certified public accountant and received by the Bar by the tenth day of the following month. The reports *518 shall include: (a) a list of individual trust account ledgers with the total; (b) a copy of a bank reconciliation; (c) a comparison of one to the other; and (d) a copy of the receipts and disbursements journal. We also enter judgment against Kassier in favor of The Florida Bar for costs in the amount of $ 2,832.96, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS, ANSTEAD and PARIENTE, JJ., concur.