728 So.2d 739 (1999)
THE FLORIDA BAR, Complainant,
v.
Lynn Mobley SUMMERS, Respondent.
No. 90,566.
Supreme Court of Florida.
March 11, 1999.
*740 John F. Harkness, Jr., Executive Director and John Anthony Boggs, Staff Counsel, Tallahassee, Florida, and Gregg D. Wenzel, Bar Counsel, Miami, Florida, for Complainant
Jeffrey S. Weiner and Mycki Ratzan of Jeffrey S. Weiner, P.A., Miami, Florida, for Respondent
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Lynn Mobley Summers. We have jurisdiction. Art. V, § 15, Fla. Const.
On May 19, 1997, the Bar filed a complaint against Summers which alleged that in 1995, Summers, a former Assistant United States Attorney, failed to comply with numerous trial court directives in a forfeiture case while representing the government,[1] and that her noncompliance resulted in the dismissal of the case and the entry of a final judgment against the government. Primarily as a result of her actions in that case, the Miami office of The Florida Bar sent Summers two letters to her record Bar address and business address, requesting information regarding several cases handled by her during her tenure as an Assistant United States Attorney. Summers did not respond to either of these letters. The Bar then initiated the above-mentioned complaint against Summers. After Summers did not answer the complaint, the Bar filed a request for admissions which also went unanswered and, consequently, the referee deemed all charges in the complaint admitted.
The transcript in this case reflects that at a status conference before the referee, the Bar and Summers attempted to negotiate a settlement agreement whereby Summers would receive a ninety-day suspension with an automatic reinstatement. The Bar prepared a proposed agreement for a consent judgment and forwarded it to Summers. However, Summers failed to respond and the parties never finalized the agreement. As a result, a final hearing before the referee was scheduled, but Summers did not attend.[2] *741 Subsequently, the referee entered a report and recommended that Summers be found guilty of all the charges alleged in the complaint.[3] The referee noted that Summers had previously been suspended until she answered a complaint of the Florida Bar regarding her Continuing Legal Education Requirement credits and dues requirements and for ten days thereafter. In light of the above findings, and the absence of any defense presented by Summers, the referee accepted the Bar's recommendation to disbar Summers.

FACTUAL FINDINGS AND GUILT RECOMMENDATION
A referee's findings of fact regarding guilt carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. See Florida Bar v. Cox, 718 So.2d 788, 792 (Fla. 1998); Florida Bar v. Beach, 699 So.2d 657, 660 (Fla. 1997). If the referee's findings are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. See Cox at 792 (citing Florida Bar v. Bustamante, 662 So.2d 687, 689 (Fla. 1995)). In the instant case, the Bar duly notified Summers of the proceedings against her by mailing the complaint and request for admissions via regular mail and certified mail to her record bar address and last known address pursuant to rule 3-7.11(b),(c) of the Rules Regulating the Florida Bar.[4] Therefore, the allegations against her were properly deemed admitted when she failed to respond. See Florida Bar v. Porter, 684 So.2d 810 (Fla. 1996); Florida Bar v. Daniel, 626 So.2d 178, 182 (Fla. 1993); Florida Bar v. Greene, 515 So.2d 1280 (Fla. 1987). As a result, we find no basis to overturn the referee's findings or to grant Summers' request to remand this cause to the referee for consideration of a motion for relief from the consequences of her failure to respond to the request for admissions.[5] We therefore approve the referee's findings.

DISCIPLINE
Our scope of review of a referee's recommended discipline is much broader than that afforded to findings of fact because this Court has the ultimate responsibility to determine the appropriate sanction. See Florida Bar v. Kassier, 23 Fla. L. Weekly S599, S600, ___ So.2d ___, 1998 WL 821781 (Fla. Nov. 25, 1998); Florida Bar v. Niles, 644 So.2d 504, 506 (Fla. 1994). The Bar argues that this Court should disbar Summers because of her failure to comply with the numerous directives of a federal judge in a case where she represented the government *742 and for her neglect in responding to the Bar's inquiry. On the other hand, Summers contends that no evidence was presented at the final hearing before the referee to demonstrate that her neglect had any effect on the outcome of the federal proceedings on the merits.
The Bar cites Florida Bar v. Horowitz, 697 So.2d 78 (Fla. 1997); Florida Bar v. Smith, 512 So.2d 832 (Fla. 1987); and Florida Bar v. Friedman, 511 So.2d 986 (Fla. 1987), in support of its argument for disbarment. However, these cases are factually distinguishable because they involve far more egregious actions and cumulative misconduct than that involved herein. In this case, for example, there is no evidence that Summers intended to deceive the Bar by her neglect in not responding to the settlement offer or attending the final hearing. In fact, as previously stated, she has admitted her neglect and apparently was ready to accept a suspension as punishment for the Bar's charges against her. It is the recommendation of disbarment that she protests.
This Court has repeatedly stated that disbarment is an extreme form of discipline and should be reserved for the most egregious misconduct. See Florida Bar v. Cox, 718 So.2d 788, 794 (Fla. 1998) (disbarment is appropriate where there is a pattern of misconduct and history of discipline); Florida Bar v. Kassier, 711 So.2d 515, 517 (Fla. 1998) ("[T]he extreme sanction of disbarment is to be imposed only in those rare cases where rehabilitation is highly improbable."); The Florida Bar v. Hirsch, 342 So.2d 970, 971 (Fla. 1977) ("Disbarment is the extreme and ultimate penalty in disciplinary proceedings. It occupies the same rung of the ladder in these proceedings as the death penalty in criminal proceedings."). Although we do not condone Summers' behavior in this case, and we reprimand her for it, we conclude that it does not warrant disbarment.
We do find, however, that Summers' conduct merits both a suspension and proof of rehabilitation rather than suspension and automatic reinstatement. This Court has repeatedly disciplined attorneys for neglecting their clients and ignoring Bar inquiries. See, e.g. Florida Bar v. Flowers, 672 So.2d 526 (Fla. 1996) (ninety-one-day suspension ordered for attorney's failure to provide competent representation to a client, failing to respond in writing to the Bar's inquiry, and ratifying the misconduct of a nonlawyer associated with a lawyer); Florida Bar v. Jones, 543 So.2d 751 (Fla. 1989)(ninety-one-day suspension imposed for attorney's neglect of client's legal matters and for failure to cooperate with the Bar during disciplinary proceedings). These cases are more indicative of the punishment appropriate for the misconduct and circumstances surrounding Summers' case. In this case, while Summers' failure to respond to the Bar's inquiry and her nonappearance at the final hearing do constitute aggravating circumstances, they do not justify increasing Summers' discipline from a ninety-day suspension to complete disbarment.
Therefore, in accordance with Rule Regulating The Florida Bar 3-5.1(5)(e), we hereby suspend Summers for ninety-one days, and we further require both proof of rehabilitation[6] and attendance at the Bar's Ethics School before she may be reinstated. Because Summers has represented to this Court that she is no longer engaged in the practice of law, we direct that the suspension be effective immediately. Summers shall not practice or accept business from the date this opinion is filed until she completes her suspension, attends Ethics School, and is duly reinstated to the Bar upon a showing of rehabilitation. Judgment is entered for the Bar against Summers and $750.00 is assessed against her for the costs of these proceedings, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] In October 1995, during the same general time period of her alleged neglect, Summers resigned as an Assistant United States Attorney to accept a new position as Executive Director of Community Partnership for the Homeless, Inc., a not-for-profit corporation providing services to the homeless. This position does not require Summers to practice law.
[2] Summers contends that she failed to attend the hearing because she assumed that the grievance filed against her had been resolved in accordance with the proposed agreement. However, we find no basis in the record for this assumption, especially since Summers never executed the proposed settlement agreement or returned it to the Bar.
[3] She further recommended that Summers be found guilty of violating the following provisions of the Rules Regulating The Florida Bar, rule 3-4.8 (any member of The Florida Bar who is subject of an investigation shall respond in writing to all inquiries made by the Bar); rule 4-1.1 (a lawyer shall provide competent representation to a client); rule 4-1.2(a) (a lawyer shall abide by a client's decisions concerning the objectives of the representation); rule 4-1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); rule 4-1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter); rule 4-1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions about the representation); and rule 4-8.4(g) (a lawyer shall not fail to respond in writing to any inquiry by a disciplinary agency when such agency is conducting an investigation into the lawyer's conduct).
[4] In fact, at oral argument, counsel for Summers conceded her neglect and apologized to the Court for her conduct concerning the Bar's inquiry.
[5] We also find it inappropriate to remand this case back to the referee for enforcement of the proposed settlement agreement. Rule 3-7.7(c)(2) of the Rules Regulating the Florida Bar provides that "[t]he report and record filed by the referee shall constitute the record on review." In the instant case, neither the report nor record filed by the referee in this case contains a finalized consent settlement agreement; therefore it is not part of the record before us. However, as previously noted, we do acknowledge the reference to a settlement in the record. Further, at oral argument, the Bar conceded that it had offered Summers a suspension not to exceed ninety days with an automatic reinstatement immediately thereafter, but Summers did not sign this agreement nor did she return it to the Bar.
[6] The showing of rehabilitation should include a demonstration by Summers that she understands the seriousness of her demonstrated neglect in the federal case and in these proceedings and her commitment to see that such neglect does not recur. However, she does not need to retake the Florida Bar examination.