PER CURIAM.
This matter is before the Court on The Florida Bar’s petition for contempt against John L. Walkden. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons expressed below, we grant the Bar’s petition for contempt and disbar Walkden from The Florida Bar.
BACKGROUND
On February 20, 2006, The Florida Bar filed a petition for contempt and for an order to show cause against John L. Walk-den. The Bar alleged Walkden continued to practice law after he was suspended by the Court. The facts as alleged by the Bar, which Walkden did not dispute or deny in his response, or as established by the attachments to the Bar’s petition, which includes a transcript of the hearing before the referee in Florida Bar v. Walkden, 917 So.2d 196 (Fla.2005) (No. SC04-1555), on June 3, 2005, established the following sequence of events.
On April 11, 2002, the Court suspended Walkden for ninety days, to commence on May 11, 2002, followed by probation for three years. See Fla. Bar v. Walkden, 817 So.2d 852 (Fla.2002). One term of Walk-den’s probation was that he was to comply with his Florida Lawyers Assistance, Inc., (FLA) contract, which required him to abstain from alcohol and to undergo random drug and alcohol tests to verify his compliance. Under the terms of this negotiated plea agreement, Walkden was to be suspended for ninety-one days if he failed to abide by the terms of his probation. During the term of his suspension, Walkden maintained his client trust account; disbursed money from a trust to nine heirs; and prepared an inventory and accounting of trust assets and expenses, a non-probate pleading. Walkden’s ninety-day suspension period ended on or about August 11, 2002, and he began his three-year probationary period.
Some time in the middle of September 2002, Walkden went to an FLA meeting intoxicated. FLA sent a letter to the Bar, which filed a petition for contempt and order to show cause in this Court. That petition was assigned case number SC02-2146. The Bar was seeking to have Walk-den suspended for ninety-one days for violating the terms of his probation.
Walkden opposed the Bar until February 2004, when he tested positive for alcohol in a random test. At that point, he notified the Court that he did not oppose the imposition of a ninety-one day suspen *409 sion. On March 11, 2004, the Court entered an order suspending Walkden for ninety-one days for breaching the terms of his FLA contract. See Fla. Bar v. Walk-den, 871 So.2d 875 (Fla.2004). That suspension commenced on April 12, 2004. Walkden has been suspended from the practice of law continuously since then, having never successfully petitioned for reinstatement as required by Rules Regulating the Florida Bar 3~5.1(e) (suspensions) and 3-7.10 (reinstatement and readmission procedures).[1]
On April 12, 2004, Walkden was still the attorney of record in four cases in the Seventeenth Judicial Circuit Court. He failed to notify the judges, opposing counsel, and his remaining clients of his suspension. On May 13, 2004, he attended an evidentiary hearing to determine an attorney’s fee award with his client. During the hearing, he cross-examined the witnesses who testified for the other side. In June 2004, he received a call from opposing counsel in a different case, an age discrimination suit, who made a settlement offer of $35,000. Walkden communicated the offer to his client.
On June 18, 2004, the Bar received notice that Walkden was still practicing law and opened an investigation. On August 3, 2004, the Bar filed a petition for contempt and order to show cause against Walkden. By the end of the month the Court had issued an order to show cause and an order for the appointment of a referee. According to Walkden, he ultimately notified his clients of his suspension and filed the necessary affidavit with the Bar in late September or early October 2004 for the suspension that began April 12, 2004.
A formal hearing was held before the referee on June 3, 2005. The Bar was seeking disbarment. The referee recommended a one-year suspension, which the Court approved in an order dated November 3, 2005.
After the formal hearing in June, Walk-den continued to engage in the practice of law. On July 13, 2005, Arnold M. Strauss, Jr., a lawyer representing the buyers in a real estate transaction, wrote to Walkden, as the lawyer representing the owners of the real estate, asking to schedule a closing on the property. Walkden responded in writing on July 14, 2005, on his law office letterhead. Below his signature were the printed words: “John L. Walk-den, Esq.” On August 3, 2005, Gene Albert, Chairman of the Legal Committee for the development where the property was located, wrote a letter to Strauss, with a copy to Walkden, relating that he had received correspondence from both concerning the property dispute.
On September 1, 2005, Walkden filed a Complaint for Slander of Title, for Cancellation of Document, and for Posting of Adequate Bond, in the Seventeenth Judicial Circuit Court. The complaint was signed by Walkden under the heading: “Law Offices of John L. Walkden, Attorneys for Plaintiffs.” That same day, a summons filed in the case referenced “John L. Walkden, plaintiffs attorney.” Strauss wrote to the Bar on September 15, 2005, in reference to “Estate of-Feder sale to Beaudoin.” Strauss, referring to Walk-den, wrote: “I have been working with this attorney for six (6) months.” According to the Bar, it received notice that Walkden was still practicing on September 16, 2005, probably referring to its receipt of Strauss’s letter.
Shortly after the Court’s November 3, 2005, order in Case No. SC04-1555, sus *410 pending Walkden for one year, see Fla. Bar v. Walkden, 917 So.2d 196 (Fla.2005), the Bar wrote to Walkden with directions concerning what he was required to do to comply with the Court’s order of suspension. As of the date of the Bar’s petition in this case, February 20, 2006, Walkden had failed to notify the necessary parties of his suspension and to provide the Bar with his affidavit of compliance.
The Florida Bar’s petition asked the Court to issue an order to show cause as to why Walkden should not be disbarred for continuing to practice law while suspended. The Court issued an order to show cause on March 6, 2006, to which Walkden filed a response on March 21, 2006. The Bar filed its reply on March 30, 2006.
In his response, Walkden admitted that he filed a legal action on behalf of the estate, but claimed he was not authorized by the client to do so. He further argued that he made no effort to have the action served on the defendant after it was filed. Although he admitted his actions warranted a sanction, he argued that disbarment is not warranted. He further argued that it would be a violation of the principle of double jeopardy for the Court to take into consideration his prior misconduct in Bar proceedings previously closed.
In its reply, the Bar responded that Walkden admitted that he had filed the action while suspended. Further, he filed it just three months after the hearing before the referee which involved his earlier acts of practicing law while suspended, so his action was knowing, willful, and intentional. His testimony at the hearing concerning his continued practice of law during his suspension was false. The Bar argued that Walkden’s continuing misconduct, false testimony, and failure to provide the necessary parties with notice of his suspension demonstrated his profound and unyielding contempt for this Court’s orders. It is the Bar’s position that Walk-den should be immediately disbarred. We agree.
ANALYSIS
As noted by the Bar, this Court views cumulative misconduct more seriously than an isolated instance of misconduct. Fla. Bar v. Carlon, 820 So.2d 891, 899 (Fla.2002). In determining the appropriate discipline, we consider prior misconduct and cumulative misconduct, and treat cumulative misconduct more severely than isolated misconduct. Disbarment is appropriate where, as here, there is a pattern of misconduct and a history of discipline. Additionally, cumulative misconduct of a similar nature warrants an even more severe discipline than might dissimilar conduct. Fla. Bar v. Vining, 761 So.2d 1044, 1048 (FIa.2000).
Walkden, who has been suspended since April 12, 2004, has continued to engage in the practice of law. When the Bar discovered that he was still practicing law and instituted proceedings to have him held in contempt for doing so, he continued to practice law. After a referee conducted a formal hearing to determine what the appropriate sanction should be, he continued to practice law. After the Court imposed a one-year suspension for the instances of practice which the Bar alleged and proved at the formal hearing, he continued to practice law.
Walkden’s acts of practice, which occurred after the formal hearing before the referee, i.e., after June 3, 2005, were not addressed at the formal hearing and were not considered by the Court in deciding to suspend Walkden for one year. These acts of practice are new, unsanctioned acts of contempt, even though many of them preceded the Court’s order suspending him for an additional year. His proven misconduct following the Court’s order of *411 November 3, 2005, consisted of failing to provide the necessary parties with notice of his suspension and failing to provide the affidavit of compliance to the Bar. See R. Regulating Fla. Bar 3-5.1(g). •
The Court’s consideration of earlier acts of misconduct for which Walkden has already been sanctioned does not present a double jeopardy issue, as argued by Walk-den. The Florida Standards for Imposing Lawyer Sanctions expressly provide for consideration of other prior acts of misconduct, whether the same or different in nature, in determining the appropriate discipline. See Fla. Stds. Imposing Law Sanes. 8.1 (disbarment appropriate when lawyer intentionally violates the terms of a prior disciplinary order or has been suspended for the same or similar misconduct in the past); 9.22(a) (prior disciplinary offenses as aggravating factors); 9.22(c) (a pattern of misconduct as aggravating factor); and 9.22(d) (multiple offenses as aggravating factor).
This is the second time Walkden has come before the Court on contempt charges for continuing to practice law while suspended. The first time, the Court suspended him for an additional year. Heedlessly, Walkden continued to practice law even while those proceedings were pending against him.
The Court has sanctioned Walkden three times previously, imposing increasingly heavier sanctions, progressing from a ninety-day suspension, to a ninety-one-day suspension (for violating the terms of his probation), to a one-year suspension. The next level of discipline is disbarment.
This Court has not hesitated to disbar attorneys who have continued to engage in the practice of law while suspended. See Fla. Bar v. Forrester, 916 So.2d 647, 654 (Fla.2005) (disbarring suspended attorney for hiring an associate to sign pleadings and perform public aspects of running the law office, while directing matters from behind the scenes); Fla. Bar v. Heptner, 887 So.2d 1036, 1045 (Fla.2004) (disbarring attorney for continuing to practice while suspended); Fla. Bar v. McAtee, 674 So.2d 734 (Fla.1996) (disbarring attorney in light of his misconduct, which included practicing law while suspended, and disciplinary history). In Florida Bar v. Brown, 635 So.2d 13, 13-14 (Fla.1994), this Court stated: “Clear violation of any order or disciplinary status that denies an attorney the license to practice law generally is punishable by disbarment, absent strong extenuating factors.”
Walkden has not presented or argued the existence of any strong extenuating factors in this case. He has not offered any justification for his actions, other than the nonsensical claim that he was not authorized by the client to file the very legal action that he filed. In our view, this fact makes his misconduct more egregious, not less.
There are no factual issues that necessitate the appointment of a referee. A referee is usually appointed to serve as the fact-finder for the Court. Here, Walk-den does not dispute the facts as presented by the Bar. Many of these facts come from his own testimony at the hearing before the referee in Case No. SC04-1555. Further, many of the remaining facts are established by the documentary evidence attached to the Bar’s present petition, which Walkden concedes is accurate. In terms of judicial economy, the appointment of a referee is unnecessary.
CONCLUSION
The Florida Bar’s petition for contempt is granted. John L. Walkden is held in contempt of this Court and is immediately *412 disbarred from the practice of law in this state for a period of five years effective, nunc pro tunc, April 12, -2004.
It is so ordered.
LEWIS, C.J., and WELLS, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part, with an opinion.

. Walkden petitioned for reinstatement in Case No. SC05-743. His petition was denied on May 4, 2006. See Fla. Bar re Walkden, 931 So.2d 901 (Fla.2006).